PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $42,906.72 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 2249869062,<br><br>Defendant. | 2:17-MC-00157-TLN-KJN<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about May 8, 2017, agents with the Drug Enforcement Administration ("DEA") seized Approximately $42,906.72 from Wells Fargo Bank Account Number 2249869062 (hereafter "defendant funds").

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 24, 2017, the DEA received a claim from claimants Gregorio Ramirez Castillo ("Castillo" or "claimant") and Jennifer Jannette Castillo-Ramirez ("Castillo-Ramirez" or "claimant") asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that in early 2017, federal and state law enforcement began investigating a drug trafficking organization who sold

methamphetamine and heroin in the Greater Sacramento and Stockton areas.  During the investigation, law enforcement identified Castillo and others as participants in the drug trafficking organization, and identified several residences in Lodi, California either frequented or connected to Castillo and others.

4.   The United States represents that it could further show at a forfeiture trial that between January 2017 and April 2017, a DEA confidential source was utilized to make controlled purchases of approximately two pounds of methamphetamine from an individual associated with Castillo.  Based upon this information and its connection to Castillo, law enforcement planned a drug transaction between a confidential source and Castillo, scheduled to involve methamphetamine and occur on or about April 19, 2017.

5.   The United States represents that it could further show at a forfeiture trial that agents surveilled Castillo's house and observed him exit his residence carrying an ice chest and then meeting two people at a local Home Depot.  The ice chest was transferred to the new vehicle and the group proceeded to the location of the drug transaction.  While traveling on Highway 99, the CHP conducted a traffic stop on their vehicle and a drug dog positively alerted to the ice chest.  Police searched the ice chest and found approximately 2 kilograms of methamphetamine.  During a subsequent post-*Miranda* recorded interview at the Madera Sheriff's Department, Castillo admitted that he had possessed the methamphetamine and had been trying to deliver it to someone in Fremont, California.  Castillo also admitted that he had over $50,000.00 in Wells Fargo Bank accounts and that he had recently deposited a considerable amount of cash.  During a rollover search of Castillo's residence and vehicle, officers located an additional 97 gross grams of methamphetamine.  The defendant funds were seized on May 8, 2017, pursuant to a seizure warrant.

6.   The United States could further show at a forfeiture trial that Castillo was arrested on state narcotics charges in Madera County, case number MCR056224.  On December 6, 2017, Castillo pleaded guilty and was later sentenced to three years in custody.

7.   The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8.   Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise

of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant funds. Claimants acknowledge that they are the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $30,906.72 of the Approximately $42,906.72 seized from Wells Fargo Bank Account Number 2249869062, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,000.00 of the Approximately $42,906.72 seized from Wells Fargo Bank Account Number 2249869062 shall be returned to claimants Gregorio Ramirez Castillo and Jennifer Jannette Castillo-Ramirez through their attorney Yan Shrayberman.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of

California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

DATED: October 24, 2022

Troy L. Nunley
United States District Judge